**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 20-6723**

UNITED STATES OF AMERICA,

               Plaintiff - Appellee,

      v.

RALPH MARLOW,

               Defendant - Appellant.

Appeal from the United States District Court for the Western District of Virginia, at Big Stone Gap.  James P. Jones, District Judge.  (2:15-cr-00018-JPJ-RSB-11; 2:17-cv-81257-JPJ-RSB)

Submitted:  July 23, 2020                         Decided:  July 28, 2020

Before WILKINSON, MOTZ, and RICHARDSON, Circuit Judges.

Dismissed by unpublished per curiam opinion.

Ralph Marlow, Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Ralph Marlow seeks to appeal the district court's order denying relief on his 28 U.S.C. § 2255 (2018) motion. We dismiss the appeal for lack of jurisdiction because the notice of appeal was not timely filed.

When the United States or its officer or agency is a party in a civil case, the notice of appeal must be filed no more than 60 days after the entry of the district court's final judgment or order, Fed. R. App. P. 4(a)(1)(B), unless the district court extends the appeal period under Fed. R. App. P. 4(a)(5) or reopens the appeal period under Fed. R. App. P. 4(a)(6). "[T]he timely filing of a notice of appeal in a civil case is a jurisdictional requirement." *Bowles v. Russell*, 551 U.S. 205, 214 (2007).

The district court entered its final order on October 3, 2019. Marlow filed the notice of appeal on May 13, 2020.[1] Because Marlow failed to file a timely notice of appeal or to obtain an extension or reopening of the appeal period,[2] we deny Marlow's motion to appoint counsel and dismiss the appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED*

---

[1] For the purpose of this appeal, we assume that the date appearing on the notice of appeal is the earliest date Marlow could have delivered the notice to prison officials for mailing to the court. Fed. R. App. P. 4(c)(1); *Houston v. Lack*, 487 U.S. 266, 276 (1988).

[2] Although Marlow sent a letter to the district court dated April 28, 2020, and filed May 4, asserting that he had not received the court's October 3, 2019, order, this letter was not filed within 180 days of the entry of judgment, as required by Rule 4(a)(6)(B).